BENJAMIN BOWEN, for use, etc.,

*v.*

THOMAS POPE *et al.*

*Filed at Springfield May 9, 1888.*

GARNISHMENT — *as to property out of the State.* A party can not be charged as garnishee in respect to promissory notes or other evidences of indebtedness executed by third persons, and belonging to the defendant in the attachment, which, at the time of the service of the garnishee process, and during the pendency of the suit, are in another State.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. J. C. BROADY, for the appellant:

Promissory notes belonging to the defendant in an attachment suit are subject to garnishment when in possession of garnishees. *Stevens* v. *Dillman,* 86 Ill. 233.

While some other States construe their attachment laws strictly, a broad and liberal construction has always been given to our Attachment act by the Supreme Court of this State. *Humphreys* v. *Matthews,* 11 Ill. 471; *Railroad Co.* v. *Crane,* 102 id. 258.

The process of garnishment will not lie against a party who neither resides in this State nor has in his hands property of a defendant, nor is bound to pay him money or deliver him property within the State where it is issued. All these conditions must concur to exempt him, and if he does reside in this State, they do not all concur. *Roche* v. *Ins. Ass.* 2 Bradw. 360.

Personal property out of the State, but in the possession, custody or control of garnishees residing and doing business in this State, is subject to garnishment in this State. *Childs* v. *Digby,* 24 Pa. St. 23.

The fact that the notes were in the State of Missouri at the time of service on appellees did not exempt them from being subject to garnishment under our statute. *Railroad Co.* v. *Crane,* 102 Ill. 259.

Our courts have equitable powers to make and enforce its orders respecting goods, chattels, choses in action or effects that any garnishee has in his hands or under his control, belonging to or which he *is* bound *to* deliver *to* the defendant *in* attachment. Cothran's Stat. 1885, secs. 24, 25, p. 758.

Mr. William McFadon, for the appellees:

Property outside the State of Illinois is not the subject of garnishment, under its garnishee process from one of its courts, under the statutes of Illinois. *Bates* v. *Railway Co.* 60 Wis. 302.

The decision last named is of peculiar force in Illinois, from the similarity of the Illinois garnishment law to that of Wisconsin, cited in the case last named. The Wisconsin law is as broad as that of Illinois on the same subject. Rev. Stat. 1883, chap 62, secs. 5, 19-25.

In a garnishee suit, the garnishee, whether he be a resident or non-resident of the State in which the garnishee process has issued, is not obliged to answer, except as to property actually within, or which, by contract, the garnishee is bound to deliver to the defendant in the attachment suit, within the State last named. He can not be required to answer as to property of the attachment defendant which he has in another State. (Waples on Attachment and Garnishment, 226, 227.) And if the garnishee should answer that he had property of said attachment defendant in another State, he could not be held chargeable upon his answer for said last named property. *Sutherland* v. *National Bank,* 78 Ky. 253; Waples on Attachment and Garnishment, 249, 226, 227.

A garnishee proceeding is in the nature of a proceeding *in rem,* (Drake on Attachments, sec. 472,) and, to the effectual

creation of a lien, it is not enough that the garnishee be within the jurisdiction of the court issuing the process. The *res* itself must also be within the jurisdiction of such court. *Sutherland* v. *National Bank*, 28 Ky. 253; *Plimpton* v. *Bigelow*, 93 N. Y. 596; *Railroad Co.* v. *Cobb*, 48 Ill. 404; Story on Conflict of Laws, sec. 592.

Courts have no extra-territorial jurisdiction over either persons or property in attachment suits; and when such suits are instituted against a non-resident, the court can proceed only against property of the non-resident within the State in which the suit is brought. Waples on Attachment and Garnishment, 334, 335; *D'Arcy* v. *Ketchum*, 11 How. 165.

That the attaching court can only adjudicate to the extent that the non-resident, Bowen, had property within the limits of Illinois, see *Pennoyer* v. *Neff*, 95 U. S. 724.

The garnishment law in force July 1, 1872, was the first one in Illinois to provide for a delivery by a garnishee, to the officer holding an execution, of choses in action in the hands of such garnishee, to be sold under such execution. Rev. Stat. 1883, chap. 92, secs. 20, 21.

By such law the evidence of indebtedness was converted into a species of property. The character of property being thereby impressed upon the promissory note itself, it follows that the promissory note,—the evidence of indebtedness,— has a *situs* of its own wherever it happens to be, as much and to the same extent as though it were a chattel of any kind whatsoever,—*e. g.*, a horse, a barrel of sugar, or whatsoever else it be. *Plimpton* v. *Bigelow*, 93 N. Y. 596.

The promissory notes being property, they could not be within the jurisdiction of an Illinois court by any legislative declaration, when their actual locality was in the State of Missouri. Waples on Attachment and Garnishment, 248, 249; *Plimpton* v. *Bigelow*, 93 N. Y. 596.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 12th day of October, 1885, the Simmons Hardware Company, a business corporation of St. Louis, Missouri, sued an attachment out of the circuit court of Adams county, against the estate of Benjamin Bowen, a resident of and doing business in the State of Missouri, to which the sheriff of the county, three days afterwards, made the following return:

"I have been unable to find property of the within named defendant, Benjamin Bowen, to satisfy the within attachment, and I have served the within writ upon the within named garnishees, Thomas Pope, William R. Lockwood and John W. Heitz, co-partners under the name and style of Pope, Lockwood & Co., by reading the within to said John W. Heitz, on the 12th day of October, A. D. 1885, and giving to said Heitz one dollar and ten cents; and by reading the within writ to within named Thomas Pope, on the 13th day of October, 1885; and by reading the within writ to the within named William R. Lockwood, on the 14th day of October, A. D. 1885.

"I can not, in my county, find the within named Benjamin Bowen this 15th day of October, A. D. 1885."

The garnishees answered, admitting an indebtedness to Bowen of $141.49, and also that at the time of the service of the writ on Heitz, Lockwood had in his possession, in the State of Missouri, certain promissory notes belonging to Bowen, on various parties then in and resident of that State, and that before service of said writ on Lockwood the said notes were delivered by him to Bowen, in pursuance of a demand made therefor.

The notes in question amounted, in the aggregate, to $336, and are conceded to have been worth as much as $100. It is an undisputed fact that the notes, neither at the time of the service of the writ on Heitz, nor afterwards, were outside of the State of Missouri. Upon the service of the writ on him, it appears that the firm sent a dispatch to Lockwood, who was

temporarily in Missouri, for the purpose of making a settlement with Bowen, informing him of the service of the writ. The latter, after taking legal advice, delivered the notes to Bowen, notwithstanding the service upon his firm, but on the same advice he declined to pay over to him the $141.49 cash, and hence there is no controversy as to that.

The plaintiff filed a replication to the answer of the garnishees, and the issues of fact thus formed were tried before the court and a jury, resulting in a verdict for the plaintiff for the $141.49 only, upon which the court entered judgment. On the plaintiff's appeal, the Appellate Court affirmed the judgment.

The only question to be determined on the present appeal arises on the instructions given to the jury. The court, in a number of instructions, told the jury, in effect, that if they found the facts respecting the notes as above stated, they should find as to them for the defendants. The question thus raised is simply this: Can one be charged as garnishee in respect to promissory notes, or other evidences of indebtedness, executed by third parties, and belonging to the defendant in the attachment, which, at the time of the service of the garnishee process, and during the pendency of the suit, were in another State?

So far as we are advised, this question is now before this court for the first time, though the courts of other States, in giving a construction to their own statutes on the subject of garnishment, have frequently had occasion to pass upon it, and a number of them have answered the question directly in the negative. On the other hand, the case of *Childs & Co.* v. *Digby*, 24 Pa. St. 23, is the only one to which we have been referred which seems to hold to the contrary, and the rule as laid down in that case appears to have been since changed by statute, so as to make it conform to the holdings of the courts in the other States. We perceive nothing in this case to justify a departure from the general rule on the subject, as just

indicated. That the rule has the merit of convenience and certainty, is clear, and that it is sound on principle will fully appear from the following authorities : *Bates* v. *Chicago, Milwaukee and St. Paul Ry. Co.* 60 Wis. 302 ; *Sutherland* v. *Second Nat. Bank,* 78 Ky. 253 ; *Plimpton* v. *Bigelow,* 93 N. Y. 596 ; *Pennoyer* v. *Neff,* 95 U. S. 724 ; Waples on Attachment and Garnishment, 226, 227, 249, 334, *et seq.* The case of *Illinois Central Railroad Co.* v. *Cobb,* 48 Ill. 404, also has more or less bearing on the question.

The conclusion reached by the courts below appearing to be in conformity with the general current of authority, we perceive no cause for disturbing the judgment. It will therefore be affirmed. *Judgment affirmed.*