DANIEL W. POMEROY

*v.*

RAND, MCNALLY & CO.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*

1. JUSTICE OF THE PEACE—*jurisdiction in garnishment, where indebtedness exceeds $200.* A justice of the peace has jurisdiction of garnishment proceedings although the indebtedness of the garnishee to the principal defendant exceeds the jurisdictional amount of $200.

2. APPEALS AND ERRORS—*what a garnishee may not complain of, on appeal.* A garnishee cannot complain, on appeal, of the failure of the trial court to hear evidence as to the alleged indebtedness from the principal defendant to the plaintiff.

3. NOTICE—*sufficiency of return of constable as to posting and mailing notices.* Failure of the return of a constable as to posting and mailing notices in garnishment, to state the place where the notices were posted and the copies mailed, is not fatal to jurisdiction.

4. GARNISHMENT—*of debt due by a resident to a non-resident.* A debt due in another State may be attached in Illinois, where the garnishee is a resident of the State, under the statute providing that a creditor may have an attachment against a non-resident debtor.

*Rand, McNally & Co.* v. *Pomeroy*, 54 Ill. App. 522, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

WALTER W. ROSS, for appellant:

The entry of judgment against the garnishee for a less amount than appears, from his answer or otherwise, is due from him to the principal debtor, is not a bar to a subsequent suit by the principal debtor against the garnishee to recover the balance of his claim. Freeman on Judgments, (3d ed.) sec. 167; Drake on Attachments, (7th ed.) sec. 707; *Wilcus* v. *Kling*, 87 Ill. 107; 1 Starr & Curtis' Stat. p. 330, sec. 56, and p. 1226, sec. 16; *Insurance Co.* v. *Kirk*, 23 Ill. App. 19; *Brown* v. *Dudley*, 33 N. H. 511; *Robeson* v. *Carpenter*, 7 Martin, 30; *Cameron* v. *Stollen-*

*wreck,* 6 Ala. 704; *Baxter* v. *Vincent,* 6 Vt. 614; *Ruff* v. *Ruff,* 85 Pa. St. 333.

No court can issue garnishment process except the court in which the judgment was rendered. Rev. Stat. chap. 62, sec. 1; *Railroad Co.* v. *Reynolds,* 72 Ill. 487.

A garnishment proceeding is in the nature of process to obtain satisfaction of a judgment. (*Chanute* v. *Martin,* 25 Ill. 49.) It is a statutory method of obtaining execution. (*Railroad Co.* v. *Keohane,* 31 Ill. 144.) It is in aid of a suit at law wherein an execution has been returned *nulla bona. Bear* v. *Hays,* 36 Ill. 280.

PEASE & McEWEN, for appellee:

The issues before the court, and to which the evidence is directed, are between the garnishee and his creditor, and the creditor in garnishment proceedings has no greater rights than the execution debtor. *Richardson* v. *Lester,* 83 Ill. 55; *Peck* v. *Coal Co.* 3 Ill. App. 619.

In support of the proposition that a claim cannot be divided without the consent of the party owing the claim, see *Railroad Co.* v. *Nichols,* 57 Ill. 464; *Stone* v. *Pratt,* 25 id. 25; *Chapman* v. *Shattuck,* 3 Gilm. 49; *Mandeville* v. *Welch,* 5 Wheat. 278.

Since the issues considered by the court are the issues between the garnishment debtor and the garnishee, the judgment must be in the name of the debtor for the use of the attachment or garnishment creditor. *Webster* v. *Steele,* 75 Ill. 544; *Bank of America* v. *Banking Co.* 114 id. 483; *Railroad Co.* v. *Mason,* 11 Ill. App. 525 ; *Boddie* v. *Tudor Co.* 51 id. 302.

Where a statutory method of service is pointed out and provided, the method must be strictly pursued and cannot be deviated from. Especially is this true where the service is necessarily, so far as the return is concerned, constructive. *Maher* v. *Bull,* 26 Ill. 348; *Drainage Comrs.* v. *People,* 26 Ill. App. 276 ; *Noleman* v. *Weil,* 72 Ill. 502; *Railroad Co.* v. *Joiner,* id. 520.

A case in which such judgment is entered should be the case of the original defendant, for the use, etc., against the garnishee.    *Warne* v. *Kendall*, 78 Ill. 598.

A foreign corporation is held not chargeable as garnishee where it owes nothing to the principal debtor which is payable within the State.    (*Wright* v. *Railroad Co.* 19 Neb. 175.)    And a debt due from a domestic corporation to its employee is not subject to garnishment in another State.    *Railroad Co.* v. *Dooley*, 78 Ala. 524.

The doctrine that the *situs* of a debt is at the residence of the creditor is declared in *Williams* v. *Ingersoll*, 89 N.Y. 508, and *Osgood* v. *McGuire*, 61 id. 524.

In *Lawrence* v. *Smith*, 45 N. H. 533, a non-resident trustee was held not chargeable for a debt due a non-resident which was not payable in the State.    *Sawyer* v. *Thompson*, 24 N. H. 510; *Tingley* v. *Bateman*, 10 Mass. 343; *Noe* v. *Liscombe*, 21 Pick. 263.

A contract payable in Illinois is not attachable in California.    *Tuller* v. *Arnold*, 93 Cal. 166; *Towle* v. *Wilder*, 57 Vt. 622; *Renier* v. *Hurlbut*, 81 Wis. 24.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellant commenced an action by attachment against the Kalamazoo Paper Company, of Kalamazoo, Michigan, before a justice of the peace of Cook county, and recovered a judgment for $36.10 and costs of suit.    No appearance was entered by the defendant, and the only service upon it was by publication.    Appellee, a corporation, being summoned as garnishee, answered that it was indebted to the defendant in the sum of $1106.51, but stated in its answer that it did not submit to the jurisdiction of the court, nor consent to have its indebtedness to the defendant divided by the entry of a judgment by it, and insisted the court was without jurisdiction to enter judgment against it.    The justice of the peace gave judgment in favor of the defendant in attachment, for the use of

the plaintiff, against the garnishee, (appellee,) for $36.10 and costs. It appealed to the circuit court of Cook county, where, upon a trial before the court without a jury, a like judgment was rendered, and the garnishee took an appeal to the Appellate Court. On the errors assigned in that court four grounds of reversal were urged: First, there was no jurisdiction in the court to enter the judgment below, because the amount due from the garnishee to the defendant in attachment exceeded the jurisdiction of the justice of the peace ; second, the circuit court heard no evidence as to the alleged indebtedness from the defendant to the plaintiff in the attachment suit; third, there was no jurisdiction of the defendant in the attachment, for the reason that no sufficient service upon it, by publication, was shown; and fourth, the court below had no jurisdiction of the debt due from the garnishee to the defendant in attachment, because it was due in the State of Michigan, where the defendant resided. The judgment of the circuit court was reversed by the Appellate Court on the first of these grounds, (no opinion being expressed on the other three,) but the plaintiff below was allowed an appeal to this court on a certificate of importance.

The first question presented for our decision is, has a justice of the peace in this State jurisdiction, in an attachment proceeding, to enter judgment against a garnishee where it is shown that his indebtedness to the defendant in attachment exceeds the sum of $200. By paragraph 43 of chapter 11 of Starr & Curtis' Statutes, (p. 328,) "writs of attachment may be granted against the personal estate, goods, chattels, moneys, choses in action, credits and effects of the debtor, by justices of the peace, in all civil actions cognizable before them, where the demand does not exceed the jurisdiction." The writ to be issued must command the constable to "summon as garnishees all persons who the plaintiff or his agent shall direct." (Par. 46.) When it is served upon any

person, as garnishee, after judgment is entered by the justice of the peace against the defendant in attachment, it is his duty to summon such garnishee "to answer, upon oath, what amount he is indebted to the defendant in the attachment, or what property, choses in action or effects belonging to the defendant, or in which he has any interest, or he had in his possession or power at the time of serving the attachment." (Par. 55.) The proceeding is thereafter to be "in pursuance to the act on garnishment." (Par. 56.)

Nothing is to be found in the language of either of these acts limiting the power of justices of the peace to enter judgment against garnishees to cases in which this indebtedness to the defendant is $200 or less, and hence, if such a limitation is held to arise it must be by construction. The plaintiff in attachment is given the right to summon garnishees in order that he may have satisfaction of whatever judgment he may obtain, and if it can be done consistently with the rights of all parties, the statute should be so construed as to give full effect to that right.

We are unable to see how it can be said that a garnishee will be deprived of any legal right by maintaining the jurisdiction of the justice of the peace to give judgment against him for a part of his indebtedness to the defendant in attachment. It being shown by his answer or the proofs that he is indebted to the defendant more than $200, to require him to pay that or a less sum to the plaintiff can result in no loss to him, because the judgment acquits him from all demands by the defendant for all goods, effects and credits paid, delivered or accounted for by the lien by force of such judgment. 1 Starr & Curtis, sec. 16, chap. 62, p. 1226.

The contention that the garnishee has a right to insist that his indebtedness to the defendant shall not be divided, is without force as affecting the jurisdictional question here involved. There is a splitting up of the

indebtedness due from a garnishee to the defendant in attachment in every case where that indebtedness exceeds the amount of the plaintiff's judgment.  The garnishee in this case loses no legal right by the judgment entered against it which it would not have been deprived of if its indebtedness to the Kalamazoo Paper Company had been but $200.  In the latter case, after paying the judgment in garnishment ($36.10) it would have been liable to pay the balance of its indebtedness ($163.90) to that company.  The only difference between that case and this is in the amount for which it remains liable to its creditor.  It is equally clear that the construction contended for is not necessary in order to protect the rights of the defendant in attachment.  The judgment in garnishment is not conclusive against him that the amount which the garnishees have been made liable to pay the plaintiff is the full amount due him.  (Drake on Attachments, sec. 707, and authorities cited; Freeman on Judgments, sec. 167.)  Section 16 of the Garnishment act is in harmony with this doctrine.  It only acquits the garnishee as to payments made by force of the judgment.

There is a line of decisions by this court in which it has been held that the proper practice in garnishee proceedings is to form the issue as to whether the garnishee is indebted to the defendant between those parties, and, if that issue is found against the garnishee, to enter judgment against him, in favor of the defendant, for the whole amount of indebtedness, "for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds."  All those decisions are based upon the case of *Stahl* v. *Webster*, 11 Ill. 511, and only lay down the above rules of practice for the guidance of circuit courts.  It will be found, upon an examination of the cases, that the reason given for requiring the judgment against the garnishee to be for the whole amount due from him to the defendant in attachment

is, that effect may be given to that part of the act in regard to attachments in courts of record which provides that "all judgments in attachments against the same defendant, returnable at the same term, and all judgments in suits by summons, *capias* or attachment against such defendant, recovered at that term,   *   *   * shall share *pro rata*, according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee or otherwise." The section of the statute containing the provision when the *Stahl case, supra,* was decided, was 26, and in that case it was said (p. 518): "All courts must have the power to give effect to the orders that they are required to make, and in giving a practical application to the provisions of the twenty-sixth section of the act under consideration, the courts must, if necessary, depart somewhat from the usual mode of proceeding in order to give effect to the law. The practice has been, to enter the judgment against the garnishee in favor of the attaching creditor, and yet there is a manifest impropriety in entering a judgment, as in this case, in favor of the attaching creditor for a greater amount than he has recovered against the defendant in the attachment. How such a result is to be sometimes avoided, if the judgment against a garnishee is to be in favor of the creditor whose attachment has been served upon him, we do not well see. The proper practice would, therefore, seem to be, to enter the judgment against the garnishee in favor of the defendant in the attachment, for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds. They would then have the right to control the judgment, and the money, when collected from the garnishee, would be liable to be distributed among the several creditors, according to the directions received from the clerk. By entering the judgment in favor of the defendant in the attachment, the objections which have been suggested in giving practical effect to the pro-

visions of the twenty-sixth section are obviated, nor is any violence done to any other part of the Attachment act by entering the judgment in this form. The statute declares that it shall be lawful to enter up judgment and award execution against a garnishee, but does not specify in whose favor the judgment shall be. There is a peculiar fitness in entering the judgment in favor of the party with whom the debt was contracted and to whom it is due, and if the judgment exceeds what is due the attaching and judgment creditors, the balance will be for his benefit."

The same provision is now found in section 37, and in *Bank of America* v. *Indiana Banking Co.* 114 Ill. 483, after again approving the practice of entering the judgment against the garnishee in favor of the attachment or judgment debtor, for the benefit of the attachment or judgment creditor, we said (p. 488): "It is equally well settled the judgment must, in form at least, be for the whole amount due from the garnishee, and whatever surplus there may be after paying the creditors entitled, under the statute, to share in the distribution to be made, belongs to the debtor in whose name the suit is prosecuted. That is necessary in order to hold the funds in the hands of the garnishee for whomsoever shall appear, under the thirty-seventh section of the statute, to be entitled to share in the proceeds of the property or funds attached. The principle is, the judgment against the garnishee in favor of the debtor in the attachment cause stands as security or as a fund in which the other attachment creditors may participate."

It is scarcely necessary to say that this reasoning can have no application to proceedings under the statute authorizing attachments before justices of the peace where the plaintiff in the attachment is alone interested in the judgment against the garnishee, and it is clear that the cases referred to apply to the practice in courts of record only. To hold that justices of the peace are with-

out jurisdiction to render judgment against a garnishee
in every case where it appears that his indebtedness is
more than $200, would be to greatly impair the efficacy of
a creditor's remedy by attachment in those courts.   It is
said this hardship may be avoided by bringing his suit in
a court of record.   Justices of the peace are given juris-
diction of certain inferior demands, so as to enable the
creditor to have a speedy and inexpensive remedy for the
collection of his debt.   It cannot be seriously contended
that that end can be attained in courts of record with
stated terms, and often with crowded dockets.

We think the Appellate Court erred in sustaining the
first ground of reversal.

The law applicable to the second and third alleged
errors is: "If the proceedings (in attachment) are void
they may be attacked by the garnishee; but if the court
had jurisdiction, its errors and irregularities can only be
called in qestion by the defendant in the original attach-
ment, in a direct proceeding." (*Empire Car Roofing Co.* v.
*Macey*, 115 Ill. 390.) Whether or not the circuit court heard
evidence as to the indebtedness claimed by the plaintiff
in the attachment from the defendant is a matter of no
concern to the garnishee.

The objection that the justice of the peace had no juris-
diction of the defendant in attachment for want of suffi-
cient service by publication, is one which, under the
foregoing rule, the garnishees can urge upon this appeal,
and presents a question more difficult.   There being no
appearance by or personal service upon the defendant,
jurisdiction of it could be obtained only by the mailing
and posting of notice, as required by paragraph 51 of
chapter 11, *supra*.   By that section the required notice is
to be delivered to the constable, who shall post three
copies of the same at three public places in the neighbor-
hood of the justice, at least ten days before the day set
for trial; "and if the place of residence of the defendant
is stated in the affidavit for the attachment, (he) shall, at

the same time, mail one copy of the notice, addressed to such defendant at such place of residence, and on or before that day he shall return the notice delivered to him by the justice, with an indorsement thereon stating the time when and the places where he posted and mailed copies, as herein required." It is not denied that a proper notice was issued in this case and delivered to the constable. The objection is, that the constable's return does not conform to the requirements of the statute. That return is as follows: "Served the within notice by posting three copies thereof at three public places in the neighborhood of the within named justice, and mailing a copy of the said notice, addressed to the within named defendant at his place of residence, April 14, 1893." While this return is defective in failing to state "the *places where* he posted and mailed copies," we do not regard that defect fatal to the jurisdiction of the court. The return shows that the constable did all that the statute made it his duty to do, viz., that he posted three copies of the notice at three public places in the neighborhood of the justice of the peace, April 14, 1893,—ten days before (April 25) the day set for trial,—and also that he did, at the same time, mail a copy of the notice, addressed to the defendant at its place of residence. In other words, the defect in his return is not in failing to show service as required by the statute, but in failing to show how he performed that duty. He shows that he posted the notice in three public places, but fails to name them; that he mailed a copy, addressed to the defendant, but fails to say what post-office or mail-box he dropped the notice in. We do not think these omissions of sufficient importance to render the judgments of the justice of the peace and circuit court absolutely void.

The fourth proposition insisted upon by counsel for appellee is also untenable. As stated in the argument, that proposition is, that "the debt being due in Michigan, its *situs* was there, and could not be reached in Illinois by

garnishment." While it is true that for certain purposes the *situs* of a debt is at the residence of the creditor, it is certainly not true that the collection of the debt cannot be enforced in the State where the debtor resides. Under our statute a creditor may have an attachment against his debtor where he is a non-resident of this State, and have garnishee process against all persons indebted to such debtor, and we know of no rule of law which limits that right to debts having their *situs* in this State. From the authorities cited by counsel, the proposition under discussion seems to be confused with the question whether a non-resident corporation or individual can be made liable as garnishee. No such question is involved here. The garnishee is a resident of and amenable to the process of the courts of this State.

On the whole record our conclusion is that the judgment of the circuit court should have been affirmed by the Appellate Court. Its judgment will therefore be reversed and that of the circuit court affirmed.

*Judgment reversed.*