## The People of the State of Illinois, Defendant in Error, v. John Mussatto, Plaintiff in Error.

1. INJUNCTION, § 385*—*review of order granting temporary injunction.* The granting of a temporary injunction by either the court or by a judge in vacation is a matter of sound discretion, and such an order can only be reviewed when an appeal is prosecuted as provided by the statute.

2. INJUNCTION, § 269*—*what is effect of motion to dissolve.* A motion to dissolve an injunction for want of equity, apparent on the face of the bill, has the same effect as a demurrer.

3. INJUNCTION, § 269*—*when issue on merits presented by motion to dissolve.* Where a defendant appears for the purpose of dissolving a temporary injunction, and states that his appearance is limited, for the purpose of the motion only, but the motion presents the question whether the bill taken as true presents a cause of action, an issue on the merits is presented, and the defense can only be sustained by an exercise of jurisdiction, wherefore the appearance is general.

Error to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

R. E. SMITH, for plaintiff in error.

ROY C. MARTIN and S. M. WARD, for defendant in error.

MR. JUSTICE EAGLETON delivered the opinion of the court.

This is a writ of error sued out to review a decree of the circuit court of Franklin county. The question presented is as to jurisdiction of the person of John Mussatto, the plaintiff in error. It is claimed that the court did not have such jurisdiction of his person as authorized it to award a temporary injunction nor to decree a permanent injunction on the final hearing.

A bill was filed by the State's Attorney of Franklin

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county on behalf of the People of the State of Illinois charging that the plaintiff in error was and had been engaged in the sale of intoxicating liquor in a certain room in a two-story building in the City of Christopher, in said county and State, owned by him, and that said building was located in anti-saloon territory, and charged that said place of business was a common nuisance and prayed a temporary injunction, and that on a final hearing said nuisance be abated and said plaintiff in error permanently enjoined from maintaining the same.

There were various other allegations in the bill setting forth conditions existing and various criminal prosecutions brought against the plaintiff in error charging him with unlawful sales of intoxicating liquors, and pleas of guilty entered by him thereto while he was engaged in said business and also setting forth the congested condition of the courts of Franklin county and the inability of the civil officers of said county to prevent the open violation of the law by the plaintiff in error in maintaining said nuisance and in selling intoxicating liquors in violation of law, because of the large demands made on the time of said officers in the performance of their duties.

To the bill was attached an affidavit setting forth that the defendant in error would be prejudiced in its rights unless said temporary injunction be issued at once and without notice to the plaintiff in error.

On the 11th day of February, 1918, a temporary injunction was granted pursuant to the prayer of said bill, without notice, under the authority of said affidavit.

The first question presented is as to the order of the court granting the temporary injunction.

Independent of a statute authorizing an appeal from an order granting a temporary injunction, the regularity of the issuance thereof could not be reviewed either on an appeal or a writ of error.

"The granting of a temporary injunction by either the court or by a judge in vacation is a matter of sound discretion, and cannot be reviewed, on appeal or error." *Marble v. Bonhotel,* 35 Ill. 240.

While the statute now provides that an appeal may be prosecuted from an order granting a temporary injunction, the rule above quoted is not abrogated. The order can only be reviewed when an appeal is prosecuted as provided by the statute. On this question the Supreme Court held, in the case of *Leslie E. Keeley Co. v. Hargreaves,* 236 Ill. 316, as follows:

"The granting of a preliminary injunction cannot be assigned for error. * * * It is merely interlocutory, and is open to review only upon an appeal taken in the manner provided in the act to provide for appeals from interlocutory orders. * * * The injunction was made perpetual by the final decree, and in the review of that decree it is immaterial whether or not a preliminary injunction was issued, or, if it was, whether it was rightly or wrongly issued."

For these reasons it will not be necessary to consider the question as to the regularity of the granting of the temporary injunction.

No summons or other process was served on the plaintiff in error, hence it will be necessary to consider the record to see if the court had jurisdiction of the plaintiff in error.

At the February term, 1918, the plaintiff in error filed a motion to dissolve the temporary injunction. This motion was filed in term time and was denied at the same term of court, and the plaintiff in error was ruled to answer the bill of complaint by June 5, 1918.

The motion filed by the plaintiff in error contains the following:

"Now comes the defendant, John Mussatto, by R. E. Smith, his attorney, and limits his appearance for the purpose of this motion only, and moves the court to

dissolve the temporary injunction herein and assigns the following reasons therefor:

1. ................................................
2. ................................................
3. The bill does not state a cause of action."

In the case of *White v. Young Men's Christian Ass'n,* 233 Ill. 526, the defendant filed a motion to dissolve an injunction for want of equity on the face of the bill, and the Supreme Court held as follows:

"The motion to dissolve having been based on a want of equity apparent on the face of the bill, it had the same effect as a demurrer."

In the case of *Nicholes v. People,* 165 Ill. 502, an attempt was made by a party to limit his appearance in court. The Supreme Court held, however, that even though he attempted to limit his appearance because of the matter urged, he was before the court for all purposes. In that case they held as follows:

"There are cases where the defendant may make a quasi appearance for the purpose of objecting to the manner in which he is brought before the court, and in fact to show that he is not legally there at all, but if he ever appears to the merits he subjects himself completely to the jurisdiction of the court and must abide the consequences."

If he appears to the merits no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general.

In this case one of the objections made was to the substance of the bill. An adjudication favorable to the plaintiff in error on that issue and the bill must go out of court. It presented the question to the court whether the bill taken as true presented a cause of action. It submitted an issue on the merits and had the effect of admitting that the allegations of the bill were true, so far as the motion was concerned, and under that admission called on the court to adjudicate

554 APPELLATE COURTS OF ILLINOIS.

the rights of the parties. By this means the plaintiff in error was within the jurisdiction of the court for all purposes, and when he' failed to answer the bill in response to the order of the court, the court did not err in entering a default against him and entering such decree as the facts and the allegations of the bill warranted under the prayer therein.

Finding no reversible error in the decree, it will be affirmed.

*Affirmed.*