Lawrence Keller, Jr., Plaintiff-Appellee, v. William Snyder and Marie Snyder, Defendants-Appellants, Michael M. Accario, Garnishee.

Term No. 51–F–5.

Opinion filed June 28, 1951. Rehearing denied September 20, 1951. Released for publication September 20, 1951.

WILBUR A. TRARES, of Edwardsville, for appellants.

O'NEILL & DAVEY, of Alton, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court of Madison county in the sum of $1,200 as against appellants, William Snyder and Marie Snyder

(hereinafter called defendants Snyder). The action was filed as an attachment suit by appellee, Lawrence Keller, Jr. (hereinafter called plaintiff) as against defendants Snyder, residents of the State of Arizona, seeking to attach or garnishee personal property of defendants. The writ of attachment issued in the case ordered that the sum of $1,890.95, being the balance due on a purchase contract from the garnishee in the action, be attached. This indebtedness was evidenced by two promissory notes executed by the garnishee and his wife. The action was based on a claim for compensation for services rendered in negotiating the sale of a business owned by the defendants Snyder to the garnishee. The writ of attachment was not served on the defendants Snyder. Service by publication was made upon them, returnable April 18, 1949. On that same day said defendants filed a motion to dismiss the suit under what is described as a "special and limited" appearance solely for the purpose of the motion, setting forth that (1) the court was without jurisdiction of the cause because no writ of attachment was ever served upon the defendants or any other person; (2) that the court was without jurisdiction because of process by publication and no writ of attachment having been issued; (3) that section 22 of the Attachment Act is unconstitutional because it violates the Constitution of Illinois and the Constitution of the United States in certain respects; (4) that no real property or chattels were ever attached; (5) that the court was without jurisdiction or power to render judgment *in personam* as against defendants upon substituted service of process; and (6) that the court was without jurisdiction of the subject matter for failure of plaintiff to file a bond. After the filing of such motion an attachment writ was issued and served, but not upon the defendants Snyder.

An answer was filed by the garnishee, admitting his indebtedness to the defendants Snyder, and an order was entered to republish as to defendants. Service by publication was again had as to defendants Snyder, and thereafter, on December 3, 1949, defendants filed in the office of the clerk of the circuit court a motion to dismiss the suit for want of jurisdiction of the subject matter and persons of the defendants, under a "special and limited appearance," solely for the purpose of the motion, supported by affidavits. The grounds set forth in appellant's second motion sought dismissal upon grounds such as (1) that the affidavit for attachment shows that the claim of plaintiff is for $1,200 as compensation for services as a real estate broker, and that the garnishee is indebted in a sum greatly in excess of $1,200; (2) that the indebtedness sought to be attached was evidenced by two promissory notes; (3) that the notes were removed from the State of Illinois to Arizona; (4) that attachment or garnishment does not lie where the situs of the notes is in a foreign State; (5) that no affidavit was filed designating a return day; (6) that the affidavit of attachment is deficient in other respects; (7) that plaintiff failed to file a bond in the case as provided by law; (8) that the bond filed did not refer to the complaint and does not protect defendants, as provided by law; and (9) that the affidavit is deficient because it shows on its face that plaintiff claims a commission as a real estate broker in the sale of personal property, as indicated in this opinion.

In connection with the motion it was and is the contention of plaintiff that such second motion to dismiss raises matters of substantive defense which raise questions of fact, and that such matters could not be pleaded by a special or limited appearance, and that such action constituted a general appearance and gave the court personal jurisdiction of such defendants.

The court agreed with the contentions of the plaintiff and entered an order (on June 9, 1950) that the motion to dismiss was denied, and likewise entered a rule on defendants to plead or answer within thirty days from date. Such defendants elected to stand by their motion and refused to plead further. On September 6, 1950, a judgment was entered in the circuit court on the motion of plaintiff, as in case of default, against the defendants Snyder. In the order of the court also found from an examination of the files and orders entered on the docket "that defendants are in Court by virtue of their motion to dismiss suit," and that defendants had failed to plead or answer within thirty days as ordered by the court. The court then found that defendants Snyder were indebted to the plaintiff in the sum of $1,200, that the garnishee had filed an answer under oath alleging he was indebted to defendants in the sum of $1,890.95, and the court, therefore, awarded judgment in favor of plaintiff as against defendants Snyder and also as against the garnishee for the use and benefit of such defendants. It is from such judgment that the defendants Snyder appeal.

 Under the record before us it must be treated as established that the notes evidencing the indebtedness were situated in the State of Arizona. Since the indebtedness was evidenced by these notes which were located in Arizona and the situs of the notes was in Arizona and physically outside the jurisdiction of the court, the general rule is clear that the maker of the notes, together with the indebtedness which the notes represent, are not subject to garnishment by a judgment creditor of the payee in the note in this State (*Manker v. Manker*, 249 Ill. App. 161) and the attaching creditor in such case has the burden of alleging and proving that the property involved is subject to attachment (*Benj. Harris & Co. v. Western Smelting & Refining Co.*, 313 Ill. App. 455, aff'd 381 Ill. 433).

Raising objections of this type by a motion under a limited appearance is proper (*Bull & Co., Inc. v. Boston M. R. R.*, 344 Ill. 11).

The basic question which was raised in this case, however, is whether the contention that the claim of plaintiff was for compensation for services as a real estate broker in the sale of personal property, by being included in the motion, constituted a general appearance and in effect a waiver of jurisdictional objections arising by reason of the location of the notes under the authority of cases such as *Nicholes v. People ex rel. Kochersperger,* 165 Ill. 502; and *People v. Mussato,* 216 Ill. App. 550, 553. Prior to the adoption of the Civil Practice Act such pleading would have in effect constituted a waiver.

██ Under section 43 (3) of the Civil Practice Act (chapter 110, 1949 Illinois Revised Statutes, paragraph 167 (3) [Jones Ill. Stats. Ann. 104.043]), there is a specific provision to the effect that, "all defenses, whether to the jurisdiction or in abatement or in bar, may be pleaded together, but the Court may order defenses to the jurisdiction or in abatement to be tried first. . . ." The effect of such section is to permit the pleading of jurisdictional objections, or other objections or defenses at the same time, without waiving the jurisdictional objections. The Supreme Court of this State in the case of, *In re Estate of Rackliffe,* 366 Ill. 22, refused to find that the party in question had entered a general appearance and submitted to the jurisdiction of the court. In that case in addition to an objection to jurisdiction of the person individually in the proceeding, a petition was likewise filed praying that part of an order be eliminated based on an allegation that the petitioner owned certain bonds. The Supreme Court stated in that case (at page 25), "Examination of her petition, however, discloses that while she alleged that she owned the bonds

there is no tender of such an issue. The only relief sought in the petition was to set aside the order of the Probate Court on the ground of want of jurisdiction in that Court. Such did not amount to a general appearance.'' It is apparent that the Supreme Court felt, and said (at page 28), that under section 43 (3) and section 48 of the Civil Practice Act there was a right to file a motion attacking the jurisdiction, together with such other motions as were desired to be made, and that under the Supreme Court Rule 21, there was not even a waiver thereof by entering into a trial of the matter after a refusal of the motion attacking the jurisdiction.

█ █ In the case before us it is apparent that the issue relating to the jurisdiction of the court was raised at the same time as the allegation contained in the motion as to the nature of the claim being made (viz: commission as a real estate broker), which might be construed as an issue relating to the merits. Under section 43 (3) of the Civil Practice Act jurisdictional objections are not waived where filed at the same time as the filing of certain other defenses.

In view of the basic lack of jurisdiction to proceed it is apparent that the motion dismissing the action for want of jurisdiction should have been allowed. The judgment of the circuit court of Madison county will, therefore, be reversed and this cause will be remanded to such court for further proceedings consistent with this opinion.

*Reversed and remanded.*

BARDENS, J. and SCHEINEMAN, J., concur.