Apollo Metals, Inc., an Illinois Corporation, Plaintiff-Appellant, v. Standard Mirror Company, Incorporated, a Corporation, Defendant-Appellee, v. Ford Motor Co., a Corporation, Garnishee-Appellee.

Gen. No. 51,718.

First District, First Division.

October 30, 1967.

Rehearing denied November 22, 1967.

Petit, Olin, Fazio & Safeblade, of Chicago (David C. Falls, of counsel), for appellant.

William T. Kirby and Alan O. Amos, of Chicago, for appellee Standard Mirror Company.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by plaintiff, Apollo Metals, Inc., from an order which quashed a writ of attachment that had been served upon the Ford Motor Company. Plaintiff, Apollo Metals, Inc., instituted attachment proceedings naming Ford Motor Company, a foreign corporation, as

garnishee defendant. A writ of attachment was issued against the property of defendant, Standard Mirror Company, also a foreign corporation and served upon Ford's registered agent at its registered office in Chicago, Illinois. Ford Motor appeared and in its answer stated it was indebted to Standard Mirror. Standard Mirror filed a special appearance for the sole purpose of seeking a dismissal of the suit for want of jurisdiction of the subject matter, and of Ford and themselves. Upon its motion, supported by an affidavit, an order was entered quashing the writ of attachment, discharging the garnishee, and dismissing the cause. Plaintiff appeals from this order.

The record reveals that plaintiff originally brought proceedings to recover the purchase price of certain specially fabricated steel in the amount of $5,687.70, which was allegedly sold and delivered by plaintiff, an Illinois corporation, to defendant, a New York corporation. Defendant filed its special appearance pursuant to Ill Rev Stats c 110, § 20(1) and moved to quash the return of service of summons, contending that it had not transacted any business in Illinois within the meaning of section 17(1)(a) of the Illinois Civil Practice Act. The affidavits filed in support of this motion contesting the jurisdiction of the court over the defendant set out that Standard is a New York corporation having no office, agents, employees, representatives or other personnel in Illinois; that none of its officers or agents who were involved in the transaction were ever present in Illinois; and that the defendant was not registered as a foreign corporation in Illinois. After a hearing in which it found that the defendant had not transacted any business in Illinois, within the purview of section 17(1)(a), the court entered an order quashing the return of service of summons upon Standard Mirror; the order was entered on March 9, 1966.

On March 14, 1966, plaintiff filed an affidavit for attachment in the same proceedings naming Ford Motor

Company and Chrysler Corporation as garnishees, together with an attachment surety bond in the amount of $12,000. The writ directed the sheriff of Cook County "to attach in your county the property of Standard Mirror. . ." The answer of Ford and Chrysler whose registered agents were served in Chicago showed that they were indebted to Standard. Ford Company filed an answer in which it stated that it is a Delaware corporation with offices in Dearborn, Michigan, and that it held a credit balance for the account of Standard in the amount of $14,812.53. On motion of plaintiff, Chrysler was dismissed.

The defendant, Standard Mirror, was served by publication in the attachment proceedings, and filed its second special appearance moving to quash the attachment on the ground that the court did not have jurisdiction to attach Ford's indebtedness to it. The affidavit of David A. Jones, the treasurer of Standard, alleged that Ford was indebted to Standard for automotive mirrors delivered to Ford in New York pursuant to contracts entered into in the state of Michigan. It was further alleged that the State of Illinois was never involved in these transactions. No counteraffidavits were filed. After considering the arguments and briefs of both sides, the court entered an order quashing the return of the writ of attachment, thereby discharging Ford Motor as garnishee, and dismissed the action. It is from this order that plaintiff appeals.

The sole question raised on this appeal is whether under the Illinois Attachment Act the indebtedness owed by the garnishee, Ford to defendant, Standard, is subject to the jurisdiction of Cook County in an attachment action brought by plaintiff, Apollo, when it has already been judicially determined that Illinois has no jurisdiction over the original action between plaintiff and defendant.

Section 1 of the Attachment Act (c 11 § 1, Ill Rev Stats) provides, as follows:

"§ 1. Causes. That in any court of record having competent jurisdiction, a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor, or that of any one or more of several debtors, either at the time of instituting suit or thereafter, when the claim exceeds $20, in any one of the following cases:

"First: Where the debtor is not a resident of this State . . ."

Section 21 provides as follows:

"§ 21. Garnishment. The sheriff or any other person authorized to serve writs of summons shall, in like manner as writs of summons are served in ordinary civil cases, summon, wherever they may be found in the State, the persons mentioned in such attachment writ as garnishees and all other persons whom the creditor shall designate as having any property, effects, choses in action or credits in their possession or power, belonging to the defendant, or who are in anywise indebted to such defendant, the same as if their names had been inserted in such writ; the persons so summoned shall be considered as garnishees, and the return shall state the names of all persons so summoned, and the date of such service on each. Persons summoned as garnishees shall thereafter hold any property, effects, choses in action or credits in their possession or power belonging to the defendant which are not exempt, subject to the court's order in such proceeding, and shall not pay to the defendant any indebtedness owed to him subject to such order, and such property, effects, choses in action, credits and debts shall be considered to have been attached and the plaintiff's

claim to have become a lien thereon pending such suit. 1871, Dec 23, RS 1874, p 152, § 21; 1935, July 10, Laws 1935, p 210, § 1."

 Attachment proceedings derive all of their validity from statutes, and must conform in all respects to the statutory requirements. Cariker v. Anderson, 27 Ill 358. Plaintiff argues that the language in section 21 supports his claim that personal service upon a registered agent of a garnishee is sufficient to support an attachment of property owed by the garnishee to the principal defendant, no matter where the property itself is located. Section 21 states that parties "who are in anywise indebted to such defendant" may be served as garnishees under a writ of attachment. However, this language does not vitiate the necessity of there being some "property" for the garnishee to "hold" that belongs to the defendant; a necessity referred to later in the same section that the plaintiff relies upon.

 Section 21 must be read in light of sections 6 and 8 of the Act. Section 6 sets out in the form of the writ what kind of property can be attached. This section refers to property found within the particular county where it is served. Section 8 of the Act similarly provides that the writ of attachment may be levied only in the county to which the writ is issued. Thus, although for the purpose of the service of process upon a garnishee named in a writ of attachment any individual debtor of the principal may be served, for the purpose of the execution of the writ there must be actual property in the possession of the garnishee within the jurisdiction of the court authorizing the writ. Therefore, the Attachment Act can only apply where the garnishee holds some property of the principal defendant within the jurisdiction of the court.

 "A garnishee proceeding is in the nature of a proceeding in rem, and to the effectual creation of a lien it

is not enough that the garnishee be within the jurisdiction of the court issuing the process. The res itself must also be within the jurisdiction of such court (citations omitted). . . ." Bowen v. Pope, 26 Ill App 233, affd 125 Ill 28, 17 NE 64. See also, Keller v. Snyder, 344 Ill App 294, 100 NE2d 672; Clymore v. Williams, 77 Ill 618.

At the hearing on defendant's motion to quash the return of the writ of attachment directed against Ford the plaintiff introduced no counteraffidavits. The only testimony taken in the attachment proceedings, subsequent to the motion to quash, was the affidavit of Standard's treasurer, David Jones. This testimony showed that the contract debt which Apollo sought to attach came into being pursuant to negotiations held outside of Illinois, and also that payment under the contract was to be made outside of Illinois. Ford's answer, made prior to the motion to quash, showed only that Ford owed a debt to the defendant; no connection between the Ford Motor Company and the State of Illinois, other than the presence of a registered agent for the service of process, was demonstrated.

■ ■ Sufficient evidence was not introduced before the trial judge during the attachment proceedings to allow the judge to issue the writ. The attaching creditor has the burden of proving that the property involved is subject to attachment and in our judgment has not met this burden. The only evidence before the trial judge was contained in the answer of Ford and in the affidavit of Jones. These facts were not sufficient to show that Ford actually held property of Standard in Illinois so that the writ might be issued under the statutory authority. Nor did the evidence disclose sufficient contact between Ford Company and Illinois to bring the instant case within the rationale of the cases plaintiff relies upon. See Lancashire Ins. Co. v. Corbetts, 165 Ill 592, 46 NE 631. Therefore, the fact of jurisdiction was not

established by plaintiff. Reimers v. Seatco Mfg. Co., 70 F 573 (6th Cir). The attachment action was an obvious attempt by plaintiff to relitigate the original claim in Cook County for the purpose of forcing the defendant to come here and defend. This procedure seems highly improper to us. Neither the Attachment Act nor the case law supports this attempt to sidestep the original order quashing judgment service upon Standard Mirror from which no appeal was taken and in which the court held that Illinois had no jurisdiction over plaintiff's action against defendant.

In view of the basic lack of jurisdiction to proceed by way of attachment, the motion to quash the writ of attachment and dismissal of the action was correct and therefore affirmed.

Affirmed.

MURPHY, P. J. and ADESKO, J. concur.