ROB PARK, Plaintiff-Appellee, v. TOWNSON AND ALEXANDER, INC., Defendant-Appellant (Deere and Company, Inc., *et al.*, Defendants).

Third District    No. 3—96—0484

Opinion filed April 16, 1997.—Rehearing denied May 27, 1997.

Richard J. Trinrud (argued) and Jeffrey C. McDaniel, both of Anderson & Nelson, of Rock Island, for appellant.

Gerald J. Meehan (argued) and Norma Nunez, both of Coryn, Walker & Meehan, of Rock Island, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff Rob Park obtained a default judgment of $48,117.02 plus costs against defendant Townson & Alexander, Inc., on December 20, 1995. Plaintiff subsequently instituted garnishment proceedings against Deere & Company, Inc., a Delaware corporation. Deere's corporate headquarters are located in Moline, Illinois. Deere indicated that while it held no property belonging to defendant in Illinois, the Raleigh, North Carolina, branch office of Deere held accounts payable to Townson & Alexander Consulting Services, Inc. (Consulting Services), as assignee of the defendant. Defendant resisted the garnishment proceedings on the grounds that the court lacked jurisdiction over the accounts payable. Defendant also contended that it validly assigned its rights to payment to Consulting Services before the garnishment proceedings had begun. The trial court ruled in plaintiff's favor and ordered the funds, which had previously been transferred to an Illinois bank by court order, to be released to plaintiff. On appeal, defendant raises the same issues it argued in the trial court. We affirm.

■ Defendant first contends that the trial court lacked jurisdiction over the accounts payable because they were located outside Illinois. Defendant cites the long-standing rule that "[a] garnishee proceeding is in the nature of a proceeding *in rem*, and to the effectual creation of a lien it is not enough that the garnishee be within the jurisdiction of the court issuing the process. The *res* itself must also be within the jurisdiction of such court." *Bowen v. Pope*, 26 Ill. App. 233, 234-35 (1887), *aff'd*, 125 Ill. 28, 17 N.E. 64 (1888). See also *Apollo Metals, Inc. v. Standard Mirror Co.*, 87 Ill. App. 2d 383, 231 N.E.2d 655 (1967); *Keller v. Snyder*, 344 Ill. App. 294, 100 N.E.2d 672 (1951). However, in *Lancashire Insurance Co. v. Corbetts*, 165 Ill. 592, 46 N.E. 631 (1897), the court explained that the general rule applies to tangible property having an actual situs in another state. A debt, however, is intangible and jurisdiction does not depend on the situs of the debt. Instead, "a foreign corporation having property and agents in this State and transacting business here may be garnished in our courts for a debt" (*Lancashire*, 165 Ill. at 598, 46 N.E. at 633) regardless of the situs of the debt. See also *Pomeroy v. Rand, McNally & Co.*, 157 Ill. 176, 41 N.E. 636 (1895) (garnishment is not limited to debts having situs in Illinois); *Hannibal & St. Joseph R.R. Co. v. Crane*, 102 Ill. 249 (1882) (Missouri corporation doing business in Illinois may be garnished for debt owed in Missouri). We hold, therefore, that the trial court had jurisdiction over the accounts payable in North Carolina.

■ Defendant next contends that the accounts payable were not

subject to garnishment because defendant assigned its rights to payment to Consulting Services prior to the commencement of garnishment proceedings. Defendant relies on the general rule that "an assignment by the judgment debtor prior to the commencement of garnishment proceedings, absent fraud, precludes the garnishor from prevailing against the garnishee." *Liberty Leasing Co. v. Crown Ice Machine Leasing Co.*, 19 Ill. App. 3d 27, 29, 311 N.E.2d 250, 252 (1974). However, plaintiff maintains, and the trial court found, that Consulting Services, the corporate entity that purchased the accounts payable, was a "mere continuation" of the defendant.

■ In general, a corporation that purchases the assets of another corporation is not liable for the debts or liabilities of the seller. *Hoppa v. Schermerhorn & Co.*, 259 Ill. App. 3d 61, 630 N.E.2d 1042 (1994); *Nilsson v. Continental Machine Manufacturing Co.*, 251 Ill. App. 3d 415, 621 N.E.2d 1032 (1993). Liability may be imposed, however, where: (1) there is an express or implied agreement to assume liability; (2) the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) the purchaser is a mere continuation of the seller; or (4) the transaction is for the fraudulent purpose of escaping liability. *Steel Co. v. Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241, 662 N.E.2d 595 (1996); *Nilsson*, 251 Ill. App. 3d 415, 621 N.E.2d 1032. The mere continuation exception is akin to a corporate reorganization where the corporation has, in effect, "put on a new coat." *Nilsson*, 251 Ill. App. 3d at 418, 621 N.E.2d at 1034, citing *Kraft v. Garfield Park Community Hospital*, 296 Ill. App. 613, 619, 16 N.E.2d 936, 938 (1938). Continuity of stock ownership has been held to be a critical factor in determining successor liability under the mere continuation approach. *Nilsson*, 251 Ill. App. 3d 415, 621 N.E.2d 1032.

■ In finding that Consulting Services was a mere continuation of the defendant, the trial court stated:

"From the evidence presented[,] Townson & Alexander, Inc.[,] and Townson & Alexander Consulting Services, Inc.[,] are both at the same address, both have the same facsimile number, both have the same motto[,] 'We Sell Results', both have the same Federal Express number, both have the same contact person with the same telephone number, both have the same major company that they do work for, both have the same primary activity, both have the same current telephone number, both have the same business individual who signs all the checks, [and] both have the same contact person for billings.

It's also important that there be a continuity of shareholders in that the shareholder of the seller become the shareholder of the

buyer. In the case that we have before us in Townson & Alexander, Inc., all the shareholders were Harry Alexander and Diane Alexander which [*sic*] each owned 50% of the company. When Mr. Harry Alexander transferred the assets from Townson & Alexander, Inc.[,] to Townson & Alexander Consulting Services, Inc., Diane Alexander, his wife, became the sole shareholder. However, during testimony, Harry Alexander made it very clear that he made all major decisions for the corporation and called all the shots. Here in fact, as husband and wife it is inaccurate to say that the shareholders were different. In fact Mr. Alexander testified that the only reason his wife was designated as the sole shareholder of Townson & Alexander Consulting Services, Inc.[,] was that such an approach would be beneficial to both of them as a family because he had used up his lifetime capital gains expense."

Defendant contends that the trial court's finding with regard to continuity of shareholders was erroneous. Defendant relies on its corporate records and the records of Consulting Services, which indicate that John Townson and Harry Alexander were the only shareholders of Townson & Alexander, Inc., and that Diane Alexander was the sole shareholder of Consulting Services. We note, however, that a corporate income tax return filed by the defendant lists both Harry and Diane Alexander as 50% shareholders. Another tax document lists Harry Alexander as president of Consulting Services. Although Harry testified that these entries were mistakes, the trial court was in the best position to judge the credibility of the testimony and to make factual determinations. We note that the continuity of shareholders necessary to a finding of mere continuation does not require complete identity between the shareholders of the former and successor corporations. See *Hoppa*, 259 Ill. App. 3d 61, 630 N.E.2d 1042 (fact that former joint tenant shareholder's interest was reduced to 2% and that additional family member was shareholder of successor corporation did not prevent finding of continuity). In addition, while the spousal relationship between the owners of the corporations does not in itself establish a continuity of shareholders, it is certainly a factor which can be considered. See *Steel Co.*, 278 Ill. App. 3d at 249, 662 N.E.2d at 600 ("We cannot allow the law to be circumvented by an individual exerting control through his spouse"). After considering all the evidence, we find that the trial court's decision was not against the manifest weight of the evidence.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BRESLIN and HOLDRIDGE, JJ., concur.