No.  3--96--0484

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

ROB PARK,                     )  Appeal from the Circuit Court

                              )  of the 14th Judicial Circuit,

     Plaintiff-Appellee,      )  Rock Island County, Illinois,

                              )

     v.                       )

                              )

TOWNSON & ALEXANDER, INC.,    )

a Canadian Corporation,       )

                              )

     Defendant-Appellant,     )

                              )

     and                      )  No.  94--L--234

                              )

DEERE & COMPANY, INC.,        )

a Corporation,                )

                              )

     and                      )

                              )

JOHN DEERE LAWN & GROUNDS     )  Honorable

CARE DIVISION, a Subsidiary   )  Joseph F. Beatty,

of Deere & Company.           )  Judge, Presiding.

                              )

________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

     Plaintiff Rob Park obtained a default judgment of $48,117.02

plus costs against defendant Townson & Alexander, Inc., on

December 20, 1995.  Plaintiff subsequently instituted garnishment

proceedings against Deere & Company, Inc., a Delaware

corporation.  Deere's corporate headquarters are located in

Moline, Illinois.  Deere indicated that while it held no property

belonging to defendant in Illinois, the Raleigh, North Carolina

branch office of Deere held accounts payable to Townson &

Alexander Consulting Services, Inc. (Consulting Services) as

assignee of the defendant.  Defendant resisted the garnishment

proceedings on the grounds that the court lacked jurisdiction

over the accounts payable.  Defendant also contended that it

validly assigned its rights to payment to Consulting Services

before the garnishment proceedings had begun.  The trial court

ruled in plaintiff's favor and ordered the funds, which had

previously been transferred to an Illinois bank by court order,

to be released to plaintiff.  On appeal, defendant raises the

same issues it argued in the trial court.  We affirm.

     Defendant first contends that the trial court lacked

jurisdiction over the accounts payable because they were located

outside of Illinois.  Defendant cites the longstanding rule that

"[a] garnishee proceeding is in the nature of a proceeding in

rem, and to the effectual creation of a lien it is not enough

that the garnishee be within the jurisdiction of the court

issuing the process.  The res itself must also be within the

jurisdiction of such court."  Bowen v. Pope, 26 Ill. App. 233,

234-35 (1887), aff'd, 125 Ill. 28, 17 N.E. 64 (1888).  See also

Apollo Metals, Inc. v. Standard Mirror Co., 87 Ill. App. 2d 383,

231 N.E.2d 655 (1967); Keller v. Snyder, 344 Ill. App. 294, 100

N.E.2d 672 (1951).  However, in Lancashire Insurance Co. v.

Corbetts, 165 Ill. 592, 46 N.E. 631 (1897), the court explained

that the general rule applies to tangible property having an

actual situs in another state.  A debt, however, is intangible

and jurisdiction does not depend on the situs of the debt. 

Instead, "a foreign corporation having property and agents in

this State and transacting business here may be garnished in our

courts for a debt" (Lancashire, 165 Ill. at 598, 46 N.E. at 633)

regardless of the situs of the debt.  See also Pomeroy v. Rand,

McNally & Co., 157 Ill. 176, 41 N.E. 636 (1895) (garnishment is

not limited to debts having situs in Illinois); Hannibal & St.

Joseph R.R. Co. v. Crane, 102 Ill. 249 (1882) (Missouri

corporation doing business in Illinois may be garnished for debt

owed in Missouri).  We hold, therefore, that the trial court had

jurisdiction over the accounts payable in North Carolina.

     Defendant next contends that the accounts payable were not

subject to garnishment because defendant assigned its rights to

payment to Consulting Services prior to the commencement of

garnishment proceedings.  Defendant relies on the general rule

that "an assignment by the judgment debtor prior to the

commencement of garnishment proceedings, absent fraud, precludes

the garnishor from prevailing against the garnishee."  Liberty

Leasing Co. v. Crown Ice Machine Leasing Co., 19 Ill. App. 3d 27,

29, 311 N.E.2d 250, 252 (1974).  However, plaintiff maintains,

and the trial court found, that Consulting Services, the

corporate entity that purchased the accounts payable, was a "mere

continuation" of the defendant.

     In general, a corporation that purchases the assets of

another corporation is not liable for the debts or liabilities of

the seller.  Hoppa v. Schermerhorn & Co., 259 Ill. App. 3d 61,

630 N.E.2d 1042 (1994); Nilsson v. Continental Machine

Manufacturing Co., 251 Ill. App. 3d 415, 621 N.E.2d 1032 (1993). 

Liability may be imposed, however, where: (1) there is an express

or implied agreement to assume liability; (2) the transaction

amounts to a merger of the seller into the buyer or a

consolidation of the two; (3) the purchaser is a mere

continuation of the seller; or (4) the transaction is for the

fraudulent purpose of escaping liability.  Steel Co. v. Morgan

Marshall Industries, Inc., 278 Ill. App. 3d 241, 662 N.E.2d 595

(1996); Nilsson, 251 Ill. App. 3d 415, 621 N.E.2d 1032.  The mere

continuation exception is akin to a corporate reorganization

where the corporation has, in effect, "put on a new coat." 

Nilsson, 251 Ill. App. 3d at 418, 621 N.E.2d at 1034, quoting

Kraft v. Garfield Park Community Hospital, 296 Ill. App. 613,

619, 16 N.E.2d 936, 938 (1938).  Continuity of stock ownership

has been held to be a critical factor in determining successor

liability under the mere continuation approach.  Nilsson, 251

Ill. App. 3d 415, 621 N.E.2d 1032.

     In finding that Consulting Services was a mere continuation

of the defendant, the trial court stated:

               "From the evidence presented[,] Townson

          & Alexander, Inc.[,] and Townson & Alexander

          Consulting Services, Inc.[,] are both at the

          same address, both have the same facsimile

          number, both have the same motto[,] 'We Sell

          Results', both have the same Federal Express

          number, both have the same contact person

          with the same telephone number, both have the

          same major company that they do work for,

          both have the same primary activity, both

          have the same current telephone number, both

          have the same business individual who signs

          all the checks, [and] both have the same

          contact person for billings.

               It's also important that there be a

          continuity of shareholders in that the

          shareholder of the seller become the

          shareholder of the buyer.  In the case that

          we have before us in Townson & Alexander,

          Inc., all the shareholders were Harry

          Alexander and Diane Alexander which [sic]

          each  owned 50% of the company.  When Mr.

          Harry Alexander transferred the assets from

          Townson & Alexander, Inc.[,] to Townson &

          Alexander Consulting Services, Inc., Diane

          Alexander, his wife, became the sole

          shareholder.  However, during testimony,

          Harry Alexander made it very clear that he

          made all major decisions for the corporation

          and called all the shots.  Here in fact, as

          husband and wife it is inaccurate to say that

          the shareholders were different.  In fact Mr.

          Alexander testified that the only reason his

          wife was designated as the sole shareholder

          of Townson & Alexander Consulting Services,

          Inc.[,] was that such an approach would be

          beneficial to both of them as a family

          because he had used up his lifetime capital

          gains expense."

     Defendant contends that the trial court's finding with

regard to continuity of shareholders was erroneous.  Defendant

relies on its corporate records and the records of Consulting

Services which indicate that John Townson and Harry Alexander

were the only shareholders of Townson & Alexander, Inc., and that

Diane Alexander was the sole shareholder of Consulting Services. 

We note, however, that a corporate income tax return filed by the

defendant lists both Harry and Diane Alexander as 50%

shareholders.  Another tax document lists Harry Alexander as

president of Consulting Services.  Although Harry testified that

these entries were mistakes, the trial court was in the best

position to judge the credibility of the testimony and to make

factual determinations.  We note that the continuity of

shareholders necessary to a finding of mere continuation does not

require complete identity between the shareholders of the former

and successor corporations.  See Hoppa, 259 Ill. App. 3d 61, 630

N.E.2d 1042 (fact that former joint tenant shareholder's interest

was reduced to 2% and that additional family member was

shareholder of successor corporation did not prevent finding of

continuity).  In addition, while the spousal relationship between

the owners of the corporations does not in itself establish a

continuity of shareholders, it is certainly a factor which can be

considered.  See Steel Co., 278 Ill. App. 3d at 249, 662 N.E.2d

at 600 ("We cannot allow the law to be circumvented by an

individual exerting control through his spouse.").  After

considering all the evidence, we find that the trial court's

decision was not against the manifest weight of the evidence.

     For the reasons stated above, the judgment of the circuit

court is affirmed.

     Affirmed.

     BRESLIN and HOLDRIDGE, J.J., concur.