REX SINQUEFIELD *et al.*, Plaintiffs-Appellants, v. SEARS ROEBUCK AND COMPANY *et al.*, Defendants (Jerit Supply Company, Inc., Defendant-Appellee).

First District (1st Division)   No. 1—89—0898

Opinion filed February 4, 1991.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Keith A. Hebeisen, and Robert P. Sheridan, of counsel), for appellants.

Kralovec, Marquard, Doyle & Gibbons, of Chicago (Nancy Jo Arnold and Michael T. Sprengnether, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Rex Sinquefield and Edward Cook, Jr. (plaintiffs), sued Sears Roebuck and Co., *et al.* (Sears), and the Jerit Supply Co. (Jerit Co.) for personal injuries which were allegedly caused when a roof which was allegedly sold, fabricated, or installed by Sears and the Jerit Co. collapsed. Plaintiffs appeal from a summary judgment that was granted in favor of Jerit Co.

On February 3, 1979, the aluminum roof collapsed on the building where plaintiffs lived and, consequently, the plaintiffs suffered severe injuries.

Thereafter, on December 11, 1979, plaintiffs filed their cause of action against Sears. Subsequently, on February 3, 1981, plaintiffs amended their complaint, alleging, *inter alia*, that "Jerit Co. manufactured and/or installed the aluminum roof." After numerous pleadings, Jerit Co. petitioned the trial court for summary judgment contending that Jerit Co. was a successor corporation because Jerit Co. had been sold on February 27, 1979, so that the present Jerit Co. did not exist at the time the roof was installed, and hence, the present Jerit Co. could not be liable as a matter of law.

In support thereof, Jerit Co. provided: (1) Emil Zimmer's affidavit which stated that he and William Plucinski had been the shareholders and officers of Jerit Co. since February 27, 1979, and that prior to February 27, 1979, they had no interest in the company; and (2) a purchase agreement between Zimmer, Plucinski and Fran Jerit which stated that Zimmer and Plucinski would purchase all of Fran Jerit's stock in Jerit Co. for $20,000.

The record clearly reflects that Jerit Co. was incorporated on January 22, 1959, and was authorized to issue 1,000 common shares; that sometime prior to February 27, 1979, Fran Jerit was the sole shareholder of 150 outstanding shares; and that on February 27, 1979, Fran Jerit sold her Jerit Co. shares to Zimmer and Plucinski for $20,000.

Additionally, the Jerit Co. annual reports filed with the Illinois Secretary of State before and after the 1979 stock transaction demonstrate that Jerit Co.'s corporate name did not change; that the busi-

ness purpose did not change; that the number of issued and outstanding shares did not change; and that the corporate identification number did not change.

Based upon the foregoing and after hearing the arguments regarding Jerit Co's summary judgment motion, the trial court granted judgment in favor of Jerit Co. Plaintiffs appeal.

For the reasons set forth below, we reverse the judgment of the circuit court of Cook County.

■■ ■ Plaintiffs argue that the trial court erred in granting summary judgment for Jerit Co. because Jerit Co. was not a successor corporation by virtue of a stock transaction. We agree. A mere sale or purchase of stock does not eliminate the corporation's debts and obligations because the legal entity remains the same. (*Meridian Amusement Co. v. Home Theater Co.* (1919), 215 Ill. App. 479, 487; *National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 336 N.E.2d 115.) A corporation is a legal person, entitled to sue or be sued in its own name, and responsible for the payment of liabilities and obligations incurred by it. A change in shareholder ownership which occurs through the sale of stock, whether by one shareholder to another or by sales of stock by the corporation itself, does not affect the corporation's legal obligations and does not discharge its liabilities. Therefore, the trial court erred in granting summary judgment for Jerit Co. because the stock sale did not in any way relieve Jerit Co. of its obligations which arose prior to such stock sale.

■ Even though Jerit Co. does not dispute that Zimmer and Plucinski purchased the Jerit Co. stock through a purchase agreement, it mysteriously maintains that it is a successor corporation because it purchased its predecessor's assets. Generally, when one corporation sells its *assets* to another corporation, the seller's liabilities do not become a part of the successor corporation.[1] (*Manh Hung Nguyen v. Johnson Machine & Press Corp.* (1982), 104 Ill. App. 3d 1141, 1148, 433 N.E.2d 1104.) The contention that Jerit Co. is a successor corporation is contrary to the intent and content of Zimmer's and Plu-

---

[1]The recognized exceptions to this rule are when: (1) an express or implied agreement of assumption exists; (2) the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) the buyer is a mere continuation of the seller such as when the buyer comes into existence pursuant to the reorganization of the seller; or (4) the transaction is fraudulent in that it was entered into to allow the seller to escape its liabilities. *Manh Hung Nguyen v. Johnson Machine & Press Corp.* (1982), 104 Ill. App. 3d 1141, 1143, 433 N.E.2d 1104, citing *People ex rel. Donahue v. Perkins & Will Architects, Inc.* (1980), 90 Ill. App. 3d 349, 413 N.E.2d 29.

598

cinski's purchase agreement because the agreement is clear that Zimmer and Plucinski purchased stock from and paid consideration to Fran Jerit. There is no mention in the purchase agreement of any transfer of Jerit Co.'s assets to any person.

█ Alternatively, Jerit Co. essentially asks us to pierce the corporate veil and find that the corporation is equivalent to its shareholders, so that when the shareholders changed, the entity was altered, triggering a successor corporation analysis. The accepted rule is that the corporate entity will only be pierced to protect the interests of third parties; the separate corporate entity will not be disregarded to allow the corporation to escape its obligations. (*Esmark, Inc. v. N.L.R.B.* (7th Cir. 1989), 887 F.2d 739, 751.) Consequently, there are *not* grounds to pierce the corporate veil, to delve into a successor corporation analysis, or to relinquish Jerit Co. from its potential liability on summary judgment.

For the reasons set forth above, the summary judgment that was granted for the Jerit Co. is reversed.

Reversed.

CAMPBELL and BUCKLEY, JJ., concur.