MARK HOPPA, Plaintiff-Appellee, v. SCHERMERHORN AND COMPANY, Defendant-Appellant (Clifford D. Kemper *et al.*, Defendants).

First District (4th Division) No. 1—92—3764

Opinion filed February 17, 1994.

Richard L. Hoffman, of Palatine, for appellant.

Mark S. Smith and Stephen B. Engelman, both of Engelman & Smith, of Skokie, for appellee.

JUSTICE THEIS delivered the opinion of the court:

The defendant, Schermerhorn & Company, appeals from a circuit court order requiring it to turn over $25,000, plus interest and costs,

to the plaintiff, Mark Hoppa, to satisfy a default judgment in that same amount entered more than six years ago against J.P. Schermerhorn & Company, now dissolved. Schermerhorn & Company charges that the trial court erred in treating it as the successor corporation to the dissolved company and in ordering it to turn over $25,000 to Hoppa. For the reasons presented below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an automobile accident in November 1982, in which Hoppa sustained injuries after his car collided with two other automobiles driven by defendants Clifford Kemper and Marcy Bon Durant. In February 1984, Hoppa filed a complaint against Kemper and Bon Durant. One year later, Hoppa filed an amended complaint, adding as a defendant J.P. Schermerhorn & Company, Kemper's employer, under a theory of *respondeat superior.* J.P. Schermerhorn & Company was a licensed real estate broker.

On July 1, 1985, J.P. Schermerhorn was voluntarily dissolved. On that same day, Schermerhorn & Company was incorporated. Schermerhorn & Company was also a licensed real estate broker, responsible for managing numerous apartment buildings.

On October 5, 1987, the trial court entered a default judgment in the amount of $25,000 against defendants J.P. Schermerhorn & Company, and J.P. Schermerhorn, individually. On January 4, 1988, the court added Schermerhorn & Company to the judgment pursuant to Hoppa's section 2—401(b) motion to correct a misnomer. (Ill. Rev. Stat. 1987, ch. 110, par. 2—401(b).) The trial court subsequently denied J.P Schermerhorn's section 2—1401 petition to vacate the default judgment. Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.

On December 21, 1989, this court reversed the final judgment order, holding that the default judgment entered against J.P. Schermerhorn, individually, and J.P. Schermerhorn & Company was void for want of personal jurisdiction. (*Hoppa v. Schermerhorn* (1989), 192 Ill. App. 3d 832, 836, 549 N.E.2d 667, 670-71.) We also held that the trial court erred in amending the default judgment to include Schermerhorn & Company. We explained that Hoppa provided no support for his impression that J.P. Schermerhorn & Company and Schermerhorn & Company "appeared to be identical." (*Hoppa,* 192 Ill. App. 3d at 836, 549 N.E.2d at 671.) Absent any grounds for finding that the two corporations were one and the same company, this court concluded that the addition of Schermerhorn & Company to the final judgment order was an improper section 2—401(b) amendment.

On April 20, 1990, Hoppa filed a citation to discover assets on Daniel T. Schermerhorn, the vice-president of Schermerhorn &

Company, which Hoppa believed held assets or property belonging to the dissolved J.P. Schermerhorn & Company. On September 27, 1991, the trial court granted Hoppa's amended citation and commanded Daniel Schermerhorn to produce at the examination all books and records of Schermerhorn & Company, including articles of incorporation, shareholder agreements, register of shares of stock issued and outstanding, all corporate tax returns for the years 1985 through 1990, and any materials in his possession containing information about the property and assets of J.P. Schermerhorn & Company. On October 10, 1991, Daniel T. Schermerhorn appeared at his citation, as directed, but did not bring with him any books or records of Schermerhorn & Company.

On November 20, 1991, Hoppa petitioned the circuit court to enter a rule against Daniel Schermerhorn and Schermerhorn & Company to show cause why they should not be held in contempt of court for failing to produce the records required to be delivered at the citation to discover assets. In his petition, Hoppa provided new grounds to support his argument that Schermerhorn & Company and J.P. Schermerhorn & Company were one and the same corporation. Hoppa asserted that Daniel T. Schermerhorn had testified during his citation to the following: J.P. Schermerhorn & Company was dissolved on the same day that Schermerhorn & Company was incorporated; both companies conducted business at the same business address and used the same phone number; both companies maintained accounts at the same banks; both companies retained the same employees; and both companies managed the same properties.

Hoppa attached to his petition a copy of *First National Bank & Trust Co. v. J.P. Schermerhorn & Co.* (1989), 192 Ill. App. 3d 1057, 549 N.E.2d 862, which involved the same corporate defendants as those here. In its summary of the facts in that case, the *First National* court observed that Jack P. Schermerhorn transferred all of the assets of the dissolved J.P. Schermerhorn & Company to the newly incorporated Schermerhorn & Company. *First National Bank*, 192 Ill. App. 3d at 1058-59, 549 N.E.2d at 863.

On January 23, 1992, the trial court entered its rule to show cause against Daniel T. Schermerhorn and scheduled a hearing date for March 3, 1992. On March 3, Hoppa orally withdrew his petition for rule to show cause and orally moved for the entry of a turnover order against Schermerhorn & Company. The trial court then ordered Schermerhorn & Company to turn over $25,000, plus interest and costs, to Hoppa to satisfy the judgment entered against J.P. Schermerhorn & Company. On June 15, 1992, the trial court denied the defendant's petition for rehearing. Schermerhorn & Company now appeals from these orders.

## DISCUSSION

■ The critical issue on appeal involves successor corporate liability. Under the common law and Illinois law, the mere transfer of the assets of one corporation to another corporation does not make the latter liable for the debts or liabilities of the first corporation. (*Upholsterers' International Union Pension Fund v. Artistic Furniture* (7th Cir. 1990), 920 F.2d 1323; *County of Cook v. Mellon Stuart Co.* (N.D. Ill. 1992), 812 F. Supp. 793 (applying Illinois law).) This general rule, however, is often subject to several exceptions. Liability is imposed where (1) an express or implied agreement of assumption exists; (2) where the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) where the buyer is a mere continuation of the seller such as when the buyer comes into existence pursuant to a reorganization of the seller; or (4) the transaction is fraudulent in that it was entered into to allow the seller to escape its liabilities. *Sinquefield v. Sears Roebuck & Co.* (1991), 209 Ill. App. 3d 595, 597 n.1, 568 N.E.2d 325, 327 n.1, citing *Manh Hung Nguyen v. Johnson Machine & Press Corp.* (1982), 104 Ill. App. 3d 1141, 1143, 433 N.E.2d 1104.

■ One type of liability that may be extended from a prior corporation to a successor corporation is the liability for torts. Although a corporation is generally not liable for the debts of another corporation, tort liability, like any other liability, may be impliedly assumed by a new corporation which represents only a "new coat" for its previous owners. *Bergman & Lefkow Insurance Agency v. Flash Cab Co. & Public Taxi Service, Inc.* (1969), 110 Ill. App. 2d 415, 431, 249 N.E.2d 729, 737, quoting *Plaza Express Co. v. Middle States Motor Freight, Inc.* (1963), 40 Ill. App. 2d 117, 124-25, 189 N.E.2d 382, 385.

The defendant charges that the trial court erred in treating the dissolved corporation, J.P. Schermerhorn & Company, and the present corporation, Schermerhorn & Company, as interchangeable parties. Hoppa contends that Schermerhorn & Company is a continuation and successor corporation of J.P. Schermerhorn & Company, and thus is responsible for the dissolved company's debt. Both parties disagree over which factors should be determinative of whether the two entities are separate or are one and the same.

In demonstrating the similarities between the two entities, Hoppa pointed out in his petition for rule to show cause that J.P. Schermerhorn & Company was dissolved on July 1, 1985, and Schermerhorn & Company was incorporated the same day; the corporations conducted business from the same address using the same telephone number; the corporations managed the same property; and the corporations had the same employees. Hoppa subsequently presented additional

evidence showing that, after the dissolution of J.P. Schermerhorn & Company, Schermerhorn & Company continued to write checks bearing the name of, and against the same accounts previously held by, J.P. Schermerhorn & Company.

The defendant characterizes these similarities as insignificant. In its petition for rehearing, the defendant suggested, for the first time, that if the court had heard evidence, it would have learned about three factors which demonstrate that Schermerhorn & Company was a different entity than J.P. Schermerhorn & Company. We do not find any of these factors persuasive.

First, the defendant suggests that because both companies filed separate income tax returns in 1985, the two companies cannot be characterized as a continuing corporate personality. The defendant notes, for instance, that J.P. Schermerhorn & Company filed a final income tax return for the period ending June 30, 1985, and that Schermerhorn & Company filed its first tax return for the period beginning July 1, 1985. The defendant, however, cites no authority to support its suggestion that both companies' filing of separate income tax returns in 1985 demonstrates their separate existence. The filing of separate tax returns, in and of itself, bears no relationship to the issue of whether one company is the successor of another.

The defendant asserts that the separate identities of the two corporations are also supported by the fact that the dissolved company surrendered its real estate broker's license and that Schermerhorn & Company was issued a new license. The defendant, however, does not specify when J.P Schermerhorn & Company surrendered its license. The Illinois Department of Professional Regulation did not issue a license to Schermerhorn & Company until February 20, 1986, nearly seven months after the date the company commenced business. Significantly, Schermerhorn & Company does not deny Hoppa's inference that it operated under the license of J.P. Schermerhorn & Company during this seven-month span. Rather than bolstering the defendant's argument that the two companies maintained distinct corporate identities, the existence of these two broker's licenses instead suggests that Schermerhorn & Company was operating under the dissolved company's license during the seven months between July 1985 and February 1986.

Finally, the defendant argues, again without citation to any authority, that differences in stock ownership between the two companies demonstrate that the present corporation cannot be deemed a "successor" of the dissolved corporation. The defendant contends that while the sole shareholders of J.P. Schermerhorn & Company were joint tenants John and Claire Schermerhorn, the

stockholders of Schermerhorn & Company included John, who owned 2% of the stock; Claire, who owned 49%; and son Daniel, who owned an undisclosed percentage.

Continuity of shareholders is a key factor in the determination of successor corporate liability. Absent continuity of stock ownership, a court cannot find that a transferee corporation is merely a continuation of the transferor. See *Green v. Firestone Tire & Rubber Co.* (1984), 122 Ill. App. 3d 204, 210, 460 N.E.2d 895, 899 (finding of continuation was not warranted where no present or former stockholders, directors or officers of the transferee company had ever been stockholders, directors, or officers of the transferor).

Unlike the situation in *Green*, where the shareholders of the successor corporations were completely different from the shareholders of the prior manufacturer and seller, here John and Claire Schermerhorn exercised a controlling share in both the dissolved J.P. Schermerhorn & Company and the newer Schermerhorn & Company. The defendant in fact concedes in its reply brief that the stock ownership did not change hands after the dissolution of J.P. Schermerhorn & Company: "Rather than giving or selling shares of stock, with all the attendant tax consequences thereof, [J.P. and Claire Schermerhorn] opted to close down the dissolved corporation and bring the family member(s) into the business ***." Although the precise amount of stock owned by Daniel Schermerhorn in Schermerhorn & Company remains in question, we believe that the two companies do share continuity of stock ownership.

■ We conclude that Schermerhorn & Company is a continuation of the dissolved J.P. Schermerhorn & Company. The two companies conducted business from the same address using the same telephone number; managed the same property; employed the same staff; and maintained the same bank accounts. In addition, Schermerhorn & Company apparently operated as a real estate broker under J.P. Schermerhorn & Company's broker's license until it was issued a new one under its own name on February 20, 1986, nearly seven months after commencing business. Finally, both John and Claire Schermerhorn exercised controlling shares in each of the two companies. Under these circumstances, we believe that Schermerhorn & Company represents only a "new coat" for the dissolved J.P. Schermerhorn & Company. Schermerhorn & Company is liable for the torts of the dissolved company. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.