**AA SALES & ASSOCIATES, INC., and Trade America, Corporation, Plaintiffs–Appellants,**

v.

**JT & T PRODUCTS CORPORATION, and Jerome R. Nelson, Defendants–Appellees.**

No. 00–3974.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 2001.

Decided Dec. 11, 2001.

Rehearing Denied Jan. 2, 2002.

Before WOOD, COFFEY, and WILLIAMS, Circuit Judges.

## ORDER

Plaintiffs AA Sales & Associates, Inc. and Trade America, Corporation appeal from the district court's grant of summary judgment to defendants JT & T Products Corporation and Jerome Nelson. The question upon which the district court decided this contract case was whether The Best Connection, Inc. was a "successor" of JT & T under the parties' prior settlement agreement. The district court found that it was not a successor, and we agree with that conclusion. Therefore, we affirm.

Gerald Saltzman, Matthew Gulisano, and Jerome Nelson were business associates in a joint venture, Source Network Corporation, until, according to Saltzman and Gulisano, Nelson diverted a significant corporate opportunity to his business, JT & T Products Corporation. This opportunity was a potential client account, Ristance Corporation. Saltzman, Gulisano, and Source Network sued Nelson and JT & T, but before trial, the parties (including AA Sales & Associates, Inc. and Trade America, Corporation, companies of Saltzman and Gulisano, respectively) entered into a settlement agreement. The agreement provided as follows:

> JT & T, its assigns and successors, will pay ... to Trade America and AA Sales, their successors and assigns, the amount of 6% each (12% total) as a commission on all gross sales ... to Ristance Corporation ... for as long as JT & T, its successors and assigns continue to sell to the Ristance Account.

Approximately five years later, JT & T sold substantially all of its assets to The Best Connection, Inc., including JT & T's name, customer lists, and Ristance receivables, pending orders, and inventory of parts. Best Connection also hired JT & T's Ristance account representative. Nelson and his wife agreed not to compete with Best Connection on the Ristance account. Best Connection, however, did not agree to assume the settlement agreement for commissions to AA Sales and Trade America, and after the sale, JT & T stopped paying commissions to them.

AA Sales and Trade America ("AA Sales") sued JT & T and Nelson ("JT & T") in the United States District Court for the Northern District of Illinois, invoking the district court's diversity jurisdiction, and seeking a declaratory judgment that the "successors and assigns" provision of the settlement agreement required JT & T to continue to pay sales commissions to them for Best Connection's sales to Ristance.[1] JT & T moved for summary judgment. The district court, finding that Best Connection was not a "successor" under the language of the settlement agreement, relied on the plain legal defini-

---

1. AA Sales' complaint also included three other claims that were dismissed on JT & T's motions to dismiss and are not involved in this appeal.

tion of "successor," which it believed was consistent with all the provisions of the agreement. AA Sales now appeals.

AA Sales argues that Best Connection was either a "successor" or an "assign" under the language of the settlement agreement. *See Board of Managers v. Bank of Ravenswood,* 295 Ill.App.3d 131, 229 Ill.Dec. 629, 692 N.E.2d 402 (Ill.App. Ct.1998); *Toepper v. Brookwood Country Club Rd. Assoc.,* 204 Ill.App.3d 479, 149 Ill.Dec. 585, 561 N.E.2d 1281 (Ill.Ap.Ct. 1990). However, AA Sales did not argue before the district court that Best Connection was an assign; instead it placed all its eggs in the "successor" basket. It is stuck with that choice; the "assign" argument is waived. *See, e.g., Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000). Therefore we review de novo only whether Best Connection was a "successor." Because we believe that the district court properly determined that Best Connection was not a successor, we need not address AA Sales' other argument that JT & T was obligated to pay commissions on sales made by successors or assigns.

To resolve the successor question, we turn to Illinois law.[2] This is a contract case, and therefore if unambiguous, our analysis begins and ends with the language of the contract. In looking to the language of the contract, and only the language, we ascertain and give effect to the intent of the parties, as the language is the best indicator of the parties' intent. We interpret that language according to its plain and ordinary meaning. *See Air Safety, Inc. v. Teachers Realty Corp.,* 185 Ill.2d 457, 236 Ill.Dec. 8, 706 N.E.2d 882, 884 (Ill.1999); *Pappas v. Waldron,* 323 Ill. App.3d 330, 256 Ill.Dec. 439, 751 N.E.2d 1276, 1281–82 (Ill.App.Ct.2001).

Illinois courts have found a corporation that purchased the assets of another to be a successor for purposes of liability in four limited situations: (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *See, e.g., Vernon v. Schuster,* 179 Ill.2d 338, 228 Ill.Dec. 195, 688 N.E.2d 1172, 1175–76 (Ill.1999) ("The rule [of successor corporate nonliability] is the 'general rule in the majority of American jurisdictions.' ... These exceptions are equally recognized in most American jurisdictions."); *see also North Shore Gas Co. v. Salomon, Inc.,* 152 F.3d 642, 651–58 (7th Cir.1998). We believe that this interpretation is the only reasonable, plain and ordinary meaning of the term, and that the term is unambiguous in this context.[3] *See also* Black's Law Dictionary 1446 (7th ed. 1999) ("A corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation.").

AA Sales makes no attempt to argue that Best Connection fits within the first or fourth definition. And, AA Sales is unable to argue the second or third. In both of these instances, AA Sales must demonstrate some identity of ownership, *see, e.g., Hoppa v. Schermerhorn & Co.,* 259 Ill.App.3d 61, 196 Ill.Dec. 877, 630 N.E.2d 1042, 1045–46 (Ill.App.Ct.1994), which requires some demonstration of the

---

2. The parties agree that Illinois law applies.

3. Although "successor" generally may include an entity next in time, *see* Webster's Third New International Dictionary 2282 (1986)

("[O]ne that follows."), when the termed is used to indicate the scope of contractual liability, it takes on a specific meaning, as we have identified in the text.

"continuation of the *corporate entity of the seller*—not whether there is a continuation of the seller's business operation." *Vernon*, 228 Ill.Dec. 195, 688 N.E.2d at 1176 (emphasis in original). These conclusions foreclose the "successor" avenue to AA Sales, and with the "assign" avenue blocked by waiver, AA Sales has no road left on which to advance its appeal.

AFFIRMED