FOURTH DIVISION
AUGUST 17, 2006

No. 1-04-2507

| | | |
|---|---|---|
| CONSOLIDATED SERVICES AND CONSTRUCTION, INC., | ) | Appeal from the |
| Plaintiff and Counterdefendant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| S. R. McGUIRE BUILDER AND GENERAL | ) | |
| CONTRACTOR, INC., KAREN NOVAK, | ) | |
| RICHARD SUITER, UNKNOWN OWNERS, and | ) | |
| NON-RECORD CLAIMANTS, | ) | |
| Defendants | ) | |
| | ) | |
| (S. R. Mcguire Builder and General Contractor, Inc., | ) | No. 99 CH 9688 |
| for itself and as assignee of Daniel Klosek | ) | |
| d/b/a United General Construction Company, | ) | |
| Counterplaintiff and | ) | |
| Third-Party Plaintiff-Appellant; | ) | |
| | ) | Honorable |
| Jack Marszalek and JMK Management, Inc., | ) | David Donnesberger, |
| Third-Party Defendants-Appellees). | ) | Judge Presiding. |

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal involves the third-party complaint of counterplaintiff, S.R. McGuire Builder and General Contractor, Inc. (McGuire), against third-party defendant Jack Marszalek in connection with various claims arising out of residential construction projects. McGuire appeals from an order of the circuit court of Cook County granting Marszalek's motion to dismiss McGuire's lawsuit as barred by Marszalek's discharge in bankruptcy. On appeal, McGuire contends that the trial court erred in dismissing McGuire's successor liability claim based on Marszalek's personal bankruptcy proceeding. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. McGuire is an Illinois corporation engaged in construction contracting. On October 15, 2002, McGuire filed a third amended verified counterclaim and third-party complaint against Marszalek containing the following allegations: In 1998, McGuire was the general contractor on a construction project at the residence of Mort Gordon (Gordon project). In June 1998, McGuire entered into an agreement with Consolidated Services & Construction, Inc. (Consolidated), also an Illinois corporation engaged in the business of construction contracting, to supervise, coordinate and manage construction of the Gordon project. Marszalek was the principal, sole shareholder, director, officer and only salaried employee of Consolidated. JMK Management, Inc., another Illinois construction contracting company for which Marszalek was the principal, also performed work on the Gordon project.

In September 1998, Consolidated took over various aspects of the construction and supervisory services from McGuire at the residence of Laurie Cameron (Cameron project). In October 1998, McGuire and Consolidated agreed that Consolidated would take over supervision, management and coordination of another construction project that McGuire had been managing at the residence of Karen Novak (Novak) and Rick Suiter (Suiter) (Novak/Suiter project). Consolidated agreed that it would ensure satisfactory completion of all construction for the Novak/Suiter project except plumbing, heating and electric.

After completion of the Cameron project, McGuire learned that Laurie Cameron was dissatisfied with Consolidated's work and accused Consolidated and its subagents of causing damage to her wood flooring, drywall and wood trim. As a result, Cameron withheld payment due to McGuire. McGuire paid various service and supply contractors out of its own proceeds. In or around November 1998, McGuire learned that Consolidated and either JMK or both had

subcontracted out a significant portion of Consolidated's construction duties on the Gordon project and failed to pay the subcontractors in full, even though McGuire had already paid Consolidated and either JMK or both for the work. McGuire again paid subcontractors out of its own proceeds. McGuire also learned that Gordon was dissatisfied with the work performed by and or supervised, coordinated and managed by Consolidated and either JMK or both and McGuire paid out-of-pocket to remedy some problems and also performed remedial work himself without receiving additional compensation.

Regarding the Novak/Suiter project, McGuire alleged that Consolidated often failed to attend required meetings with the owners and architect and failed to be present on the site to supervise and manage its subcontractors. On one occasion, Consolidated did not ensure that its subcontractor properly constructed the foundation (basement windows) according to the architect's revised construction plans and, as a result, the foundation had to be extensively repaired and rebuilt. As a result of these material breaches of the parties' agreement, McGuire terminated Consolidated from the Novak/Suiter project in late December 1998.

After McGuire terminated Consolidated from the Novak/Suiter project, Consolidated sued McGuire, Novak, Suiter and others to foreclose on a $25,000 mechanic's lien claim. Consolidated subsequently released its lien after being unable to demonstrate compliance with the strict provisions of the Illinois Mechanics Lien Act (770 ILCS 60/0.01 *et seq.* (West 2000)), but refused to dismiss its complaint.

In response, McGuire filed a counterclaim against Consolidated and also filed a third-party complaint against Marszalek and JMK, alleging breach of contract and for mechanics liens, and sounding in fraud and unjust enrichment and seeking a constructive trust and damages for defamation and tortious interference with contract.

On July 2, 2001, the Illinois Secretary of State issued a certificate of dissolution to Consolidated for failure to file an annual report and an pay annual franchise tax.

On January 9, 2002, Marszalek filed a petition for relief under chapter 7 of the United States Bankruptcy Code. 11 U.S.C. § 727 (a)(1) (2000). Marszalek listed McGuire as an unsecured creditor in these proceedings. The stock of the corporation Consolidated Services & Construction, Inc., was scheduled as an asset of Marszalek in his bankruptcy, with a value of zero. McGuire entered an appearance in the bankruptcy proceeding on March 27, 2002. On April 15, 2002, after a "no asset finding," Marszalek was awarded a discharge in bankruptcy.

Pursuant to section 554 of the Bankruptcy Code (11 U.S.C. § 554(c) (2000)), any property that is scheduled and is not otherwise administered by the bankruptcy trustee is deemed abandoned to the debtor. The stock in Consolidated, determined to have no value, was abandoned to Marszalek. McGuire failed to examine Marszalek concerning his business affairs pursuant to section 343 (11 U.S.C. § 343 (2000)), or to file a proof of claim pursuant to section 501 (11 U.S.C. § 501 (2000)). McGuire also failed to pursue its rights as a named creditor in Marszalek's bankruptcy by either filing a complaint objecting to Marszalek's discharge in bankruptcy as a debtor or seeking to determine the dischargeability of a debt, or both.

In amended count XI of his third amended complaint,[1] McGuire alleged that after Marszalek's discharge in bankruptcy, Marszalek used a name similar to Consolidated or JMK to make a construction contract with an individual not alleged to have any connection to the prior corporations. McGuire alleged that Consolidated and JMK engaged in construction contracting;

---

[1]McGuire conceded that all claims against Marszalek except the cause alleged in amended count XI are barred by Marszalek's discharge in bankruptcy.

that Marszalek was Consolidated's and JMK's sole shareholder, director, officer and salaried employee; and that after filing his bankruptcy petition, Marszalek engaged in construction contracting through sole proprietorships using the word "Consolidated" or the initials "JM." McGuire argued that he stated a valid claim for successor liability against Marszalek, doing business through his sole proprietorships.

Marszalek filed a motion to dismiss amended count XI of McGuire's third amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2002)). After a full hearing on the motion, the trial court entered a memorandum and order stating as follows:

> "In the Amended Count XI, S.R. McGuire Builders seeks to hold Jack Marszalek personally liable for the alleged liabilities of Consolidated Services & Construction. This court previously dismissed Count XI because the claims asserted by S.R. McGuire against Marszalek were discharged in bankruptcy.
>
> The amended Count XI does not overcome the effect of Marszalek's discharge in bankruptcy. S.R. McGuire now alleges that Marszalek 'as an individual' is 'Consolidated's and JMK's mere continuation and/or successor, and McGuire should be entitled to pursue successor liability claims against Marszalek for Consolidated's and JMK's contractual and/or Mechanics Lien Act liability, if any.' (Am. Count XI at ¶ 15). S.R. McGuire seeks a judgment against Marszalek individually.

Even assuming that Marszalek is a successor or continuation of either Consolidated or JMK, S.R. McGuire has no claim against Marszalek individually. In his bankruptcy petition, Marszalek disclosed S.R. McGuire's unliquidated claim against him. Marszalek was subsequently discharged in bankruptcy. If S.R. McGuire disagreed with the discharge, it should have objected in the bankruptcy proceedings."

The trial court granted Marszalek's motion to dismiss on October 1, 2003, and denied McGuire's motion to reconsider that order on January 7, 2004. This timely appeal followed.

OPINION

On appeal, McGuire contends that the trial court erred in granting Marszalek's motion to dismiss amended count XI of its third amended complaint and in denying McGuire's motion to reconsider its order. Our review is *de novo*. Poulet v. H.F.O., L.L.C., 353 Ill. App. 3d 82, 817 N.E.2d 1054 (2004).

McGuire argues that Marszalek continued operating Consolidated and JMK business through a sole proprietorship after filing for bankruptcy and did not disclose any claims against him for successor liability through his continuation of business during his chapter 7 bankruptcy proceedings. Therefore, McGuire argues, any such claims were not dismissed in bankruptcy.

McGuire argues that Marszalek should be held liable as a successor, as the name he uses as a sole proprietor is similar to the business name of the corporations with which Marszalek was previously affiliated. In support, Marszalek initially relies on Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Tasemkin, 59 F.3d 48 (7th Cir. 1995). There, Tasemkin Furniture Company, Inc. (Old Tasemkin), went out of business, but not before

allegedly running up over $300,000 in delinquent pension fund payments and ERISA (29 U.S.C. § 1001 *et seq*. (1994)) withdrawal liability from the plaintiffs, a pension fund (the Fund). The plaintiffs attempted to recover on its claim in the chapter 7 liquidation proceeding that followed, to no avail. Old Tasemkin had entered into a debt compromise agreement with its secured lender and, shortly thereafter, turned the interest over to a company called Tasemkin, Inc. (New Tasemkin), which promptly foreclosed on the collateral. There was apparently nothing left over in the bankruptcy estate for the remaining creditors (including the Fund), who received no distribution. Chicago Truck Drivers, 59 F.3d at 49.

Two years later the Fund sued New Tasemkin under the theory of successor liability. Successor liability under federal common law allows lawsuits against even a genuinely distinct purchaser of a business if **1** the successor had notice of the claim before the acquisition and **2** there was "substantial continuity in the operation of the business before and after the sale." Chicago Truck Drivers, 59 F.3d at 49, citing Equal Employment Opportunity Comm'n. v. G-K-G, Inc., 39 F.3d 740, 748 (7th Cir. 1994). The court explained: "Successor liability is an equitable doctrine, not an inflexible command, and 'in light of the difficulty of the successorship question, the myriad factual circumstances and legal contexts in which it can arise, and the absence of congressional guidance as to its resolution, emphasis on the facts of each case as it arises is especially appropriate.'" Chicago Truck Drivers, 59 F.3d at 49, quoting Howard Johnson Co. v. Detroit Local Joint Executive Board, 417 U.S. 249, 256, 41 L. Ed. 2d 46, 53, 94 S. Ct. 2236, 2240 (1974); see also Steinbach v. Hubbard, 51 F.3d 843, 846 (9th Cir.1995). In finding in favor of the Fund, the Seventh Circuit held: "the availability of relief from the predecessor is a factor to be considered along with other facts in a particular case. Here, those facts include the apparent nature of the acquisition of Old Tasemkin by New Tasemkin--

which clearly had the effect, intended or no, of frustrating unsecured creditors while resurrecting virtually the identical enterprise." Chicago Truck Drivers, 59 F.3d at 51.

Chicago Truck Drivers is distinguishable from the present case. There, the Fund was attempting to recover from the *successor corporation* of a corporation that had been discharged in bankruptcy. Here, McGuire is attempting to recover from an *individual* discharged in bankruptcy.

Under the common law and Illinois law, even the mere transfer of the assets of one corporation to another corporation does not make the latter liable for the debts or liabilities of the first corporation. Hoppa v. Schermerhorn & Co., 259 Ill. App. 3d 61, 630 N.E.2d 1042 (1994); Upholsterers' International Union Pension Fund v. Artistic Furniture of Pontiac, 920 F.2d 1323 (7th Cir.1990); County of Cook v. Mellon Stuart Co., *812 F.Supp. 793 N.D. Ill. 1992 applying Illinois law*. This general rule is subject to exceptions, imposing liability where (1) an express or implied agreement of assumption exists; (2) where the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) where the buyer is a mere continuation of the seller, such as when the buyer comes into existence pursuant to a reorganization of the seller; or (4) the transaction is fraudulent in that it was entered into to allow the seller to escape its liabilities. Sinquefield v. Sears Roebuck & Co., 209 Ill. App. 3d 595, 597 n.1, 568 N.E.2d 325, 327 n.1 (1991), citing Manh Hung Nguyen v. Johnson Machine & Press Corp., 104 Ill. App. 3d 1141, 1143, 433 N.E.2d 1104 (1982). McGuire's complaint alleges no facts that establish that any contract for purchase or merger existed between Marszalek as an individual and the companies with which McGuire engaged in construction disputes. McGuire has therefore failed to establish a claim for successor liability.

More importantly, McGuire's complaint cannot stand as it conflicts with public policy regarding a discharge in bankruptcy.

The overriding policy goal of a discharge in bankruptcy is to provide debtors with a fresh start. Federal Communications Commission v. Next Wave Personal Communications, Inc., 537 U.S. 293, 305, 154 L. Ed. 2d 863, 876, 123 S. Ct. 832, 840-41 (2003); see also In re O'Hearn, 339 F.3d 559 (7th Cir. 2003). In furtherance of this goal, all potential claims against the debtor """and legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.""" Finova Capital Corp. v. FLMI, Inc. No. 804-CV-2797-T-24TBM M.D. Fla. Sep. 30, 2005 , quoting Epstein v. Official Committee of Unsecured Creditors of the Estate of Piper Aircraft Corp., 58 F.3d 1573, 1576, quoting H.R. Rep. No. 95-595, at 309 2d Sess. 1978 , reprinted in 1978 U.S.C.C.A.N. 5787, 6266. Congress intended to adopt the broadest available definition of claim to allow bankruptcy courts to provide the broadest relief. Greer v. O Dell, 305 F.3d 1297, 1302 11th Cir. 2002 . The existence of a potential action against a debtor on or about the time of the filing of the petition is sufficient to create a claim under the Bankruptcy Code. In re Holstein, 299 B.R. 211, 224 (N.D. Ill. 2003).

Here, the record shows that all of the conduct of the corporation for which McGuire seeks to hold Marszalek liable occurred prior to the commencement of the bankruptcy. McGuire was designated as a creditor in the bankruptcy to prevent any later attempt to assert individual liability for the prior conduct and to discharge Marszalek from any personal liability arising out of any corporate conduct. The bankruptcy court was the appropriate forum for McGuire to obtain relief for any potential claim; all parties were before that court and all potential claim are considered. McGuire failed to pursue all of his potential claims

prior to Marszalek's discharge in bankruptcy court. We therefore conclude that the trial court properly dismissed the amended count XI of McGuire's third amended complaint.

Affirmed.

QUINN, P.J., and GREIMAN, J., concur.